IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADOLFO HERRERA,<br><br>                Plaintiff,<br><br>    v.<br><br>MARTEL'S FAMILY RESTAURANT, INC., an Illinois corporation, d/b/a CARY'S, FAMILY RESTAURANT, and MARINA PAPPAS, an individual,<br><br>                Defendants. | Case No. 16-cv-08512 |

## COMPLAINT

The Plaintiff, Adolfo Herrera ("Plaintiff" or "Herrera"), by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Martel's Family Restaurant, Inc. d/b/a Cary's Family Restaurant ("Cary Family Restaurant") and Marina Pappas ("Pappas"), as follows:

### Nature of the Suit

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff his overtime pay. Plaintiff worked more than 40 hours in individual workweeks and was not paid overtime compensation by Defendants.

### Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

4. Plaintiff Herrera is a former employee of the Defendants. Plaintiff worked as a cook and food preparer at Cary's Family Restaurant from approximately 1994 through August 14, 2016.

5. During the last three years before the filing of this lawsuit, Plaintiff primarily served as a prep cook and line cook. As a prep cook, Plaintiff prepared soups, sauces, gravies, and mashed potatoes in addition to performing line cooking duties during the latter portion of his shift.

6. During the course of his employment, Plaintiff regularly handled goods, including perishable food and food products, that moved in interstate commerce.

7. Plaintiff resides in and is domiciled within this judicial district.

8. Defendant Cary's Family Restaurant is operated by Defendant Martel's Family Restaurant, Inc. and is doing business as Cary's Family Restaurant within this judicial district.

9. The corporate officers and registered agent for Martel's Family Restaurant, Inc. are located within this judicial district.

10. Upon information and belief, Defendant Cary's Family Restaurant earned more than $500,000 in annual gross revenue during 2013, 2014, 2015, and 2016.

11. Upon information and belief, Defendant Pappas is an owner of Defendant Cary's Family Restaurant.

12. Defendant Pappas is the president and corporate secretary of Defendant Martel's Family Restaurant, Inc.

13. Defendant Pappas hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records. In furtherance of her duties, Pappas terminated the Plaintiff's employment and set Plaintiff's and other cooks' rates of pay.

14. Upon information and belief, Defendant Pappas resides in and is domiciled within this judicial district.

## Common Allegations

15. Plaintiff was directed to work, and did work, more than 40 hours in individual workweeks during the last three years before the filing of this lawsuit.

16. During the last three years before the filing of this suit, Plaintiff was scheduled to work every day of the week from 5:00 a.m. to 2:00 p.m. Plaintiff also frequently worked until 2:30 or 3:00 p.m. when necessary.

17. Plaintiff did not receive a bona fide meal break or a rest period lasting longer than 20 minutes.

18. Based on his work schedule, Plaintiff regularly worked between approximately 63 and 70 hours in individual workweeks during the last three years before the filing of this suit.

19. During the last three years before the filing of this suit, Defendants paid Plaintiff $500.00 on a weekly basis.

20. Regardless of the actual number of hour worked by Plaintiff (e.g. 63 or 66.5), Defendants paid Plaintiff $500.00 on a weekly basis.

21. Based upon his total weekly compensation and his hours worked, Plaintiff's regular hourly rate of pay was below $8.25 in one or more individual workweeks during the last three years before the filing of this suit.

22. Defendants further did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of 40 in individual workweeks.

23. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a work week.

24. Upon information and belief, Defendants failed to create, maintain, and preserve payroll records in accordance with 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

25. Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

26. Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

27. Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

28. Defendant Cary's Family Restaurant was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

29. Under 29 U.S.C. § 207, for all weeks during which Plaintiff worked more 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

30. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants directed Plaintiff to

work more than 40 hours per week and knowingly failed to pay him an overtime premium. Defendants further violated the Act's recordkeeping requirements.

**WHEREFORE**, the Plaintiff, Adolfo Herrera, prays for a judgment against Defendants, Martel's Family Restaurant, Inc. d/b/a Cary's Family Restaurant, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

32. Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

33. Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d), and was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

34. Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

35. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

36. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Adolfo Herrera, prays for a judgment against Defendants, Martel's Family Restaurant, Inc. d/b/a Cary's Family Restaurant, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages

37. Plaintiff hereby incorporates paragraphs 1 through 24 as though stated herein.

38. Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d), and was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

39. During all relevant times, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

40. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the minimum wage requirements of IMWL.

41. Defendants violated the IMWL by failing to pay Plaintiff the minimum wage under the Act.

**WHEREFORE**, the Plaintiff, Adolfo Herrera, prays for a judgment against Defendants, Martel's Family Restaurant, Inc. d/b/a Cary's Family Restaurant, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

  C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  D. Such other and further relief as this Court deems appropriate and just.

Dated: August 31, 2016        Respectfully submitted,
                   Adolfo Herrera, Plaintiff

                   /s/ Nicholas P. Cholis
                   _____
                   One of Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
53 West Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com